United States Bankruptcy Court
For The
Western District Of Kentucky

| | | |
|---|---|---|
| IN RE: | ) | |
|    ERIC S. CAIN | ) | |
|    ALISHA N. CAIN | ) | Case No. |
| | ) | 20-32582 |
|       Debtors | ) | |
| | ) | |

<u>Order of Confirmation</u>

A Plan Under Chapter 13 of Title 11 and application for confirmation having been duly filed, creditors having been notified, and it appearing that said plan complies with provisions of Section 1325 of said chapter,

IT IS HEREBY ORDERED that said plan is confirmed.

IT IS HEREBY ORDERED that the trustee, William W. Lawrence, collect a payment of <u>$476.00 MONTHLY</u> for a period of <u>60</u> months from the Debtors, and distribute the funds as follows:

1) <u>MATTHEW D OWEN, ATTY</u>, attorney for the Debtors, is awarded a fee in the amount of <u>$3,750.00</u> to be paid as follows: <u>$1,500.00</u> with the first disbursement to the secured creditors and <u>$200.00</u> per month until paid in full.

2) Secured creditors shall be paid before priority creditors, who shall be paid before unsecured creditors. Monthly payments to secured creditors will be determined on a pro-rata basis by the trustee, unless otherwise indicated below. The following secured and /or priority claims are hereby allowed:

| Creditor | Secured | Unsecured |
|---|---|---|
| #1 Navient Solutions<br>PO Box 16358<br>St Paul, MN 55116 | Paid Direct | |
| | ALL STUDENT LOANS TO BE PAID DIRECT | |
| #2 IRS<br>PO Box 7317<br>Philadelphia, PA 19101 | Attorney to Object | |

60 months/1.00%

| | |
|---|---|
| #6 Toyota Lease | Paid Direct |
| PO Box 9013 | Assume Lease |
| Addison, TX 75001 | |
| | |
| #7 Carvana | $19,776.75 |
| PO Box 29018 | (3.25% interest) |
| Phoenix, AZ 85038 | |

 3) Payment will be made on pro-rata basis to unsecured creditors, whose claims are filed and allowed, until such claims are paid at the proposed percentage. The plan is presently proposed at <u>1.00%</u> ; however, the percentage for any plan less than 100% may increase upon the filing of the schedule of allowed claims.

 IT IS FURTHER ORDERED that the Debtors' attorney examine unsecured claims and file a schedule of allowed claims by no later than <u>February 03, 2021</u>. The schedule will reflect the percentage increase should the unsecured claims filed and allowed require an increase in the percentage paid to unsecured creditors. All objections to unsecured claims filed but not allowed must be filed prior to the same date.

 IT IS FURTHER ORDERED that any Debtors paying less than 100% to unsecured creditors submit copies of federal and state income tax returns, execute an assignment of federal and state income tax refunds to the Chapter 13 trustee, and submit a current income and expense statement annually, before May 15 of each year of the plan, pursuant to the local rules.

 IT IS FURTHER ORDERED that the Debtors be restrained from disposing of any property, in any manner whatsoever, without prior approval of this Court, and to promptly report to this Court any destruction of said property.

 IT IS FURTHER ORDERED that the Debtors be restrained from incurring any new indebtedness or financial obligations without permission of this Court, except for hospital, medical or dental expenses.

 IT IS FURTHER ORDERED that, if any governmental entity has filed a proof of claim showing unfiled tax returns, the Debtors shall file or otherwise satisfy the filing requirements relating to the unfiled returns within 90 days from the date of entry of this order.

 IT IS FURTHER ORDERED that, except as provided for in the Debtors' plan, no creditor holding a debt subject to discharge under Section 1328(a) shall be entitled to any late charges, interest, penalties, additional attorney's fees or fees of any kind or nature without further Order of this Court. No creditor holding a debt subject to discharge under Section 1328(a) shall be allowed after the Debtors' discharge to add any late charges, interest, penalties, additional attorney's fees or fees of any kind or nature arising after the entry of the Order for Relief and before the Debtors' Discharge except as provided for in the Debtors' plan or by Order of this Court.

 IT IS FURTHER ORDERED that, the Debtors' plan payments shall commence within thirty (30) days of filing the petition. The attorney for the Debtors shall fully escrow all pre-confirmation plan payments as required by Local Rule 13.4 and 11USC 1326. If the attorney for the Debtors fails to turnover all pre-confirmation money to the Trustee within ten (10) days of confirmation, the Trustee is directed to file a motion to dismiss this Chapter 13, and the Court shall then enter an order dismissing this case immediately.  In the event of any unauthorized default in payments by the Debtors, the trustee is directed to promptly report such default to this Court and upon the filing of such report, this Court shall

set a hearing for show cause as to why the Debtors' petition should not be dismissed. This Confirmation Order constitutes a finding that all requirements of Section 521(a)(1)(B) and 521(e)(2)(A)(i) have been met.

A copy of this order is sent to the Debtors; to the attorney for the Debtors; to the trustee, William W. Lawrence; and to all creditors.

PREPARED BY THE OFFICE OF
WILLIAM W. LAWRENCE, TRUSTEE    RS        12/02/2020

_____
Alan C. Stout
United States Bankruptcy Judge

Dated: December 3, 2020